PEOPLE *v.* MOHL.

ARREST—SEARCH AND SEIZURE—INTOXICATING LIQUOR.
    Where sheriff had information from apparently reliable source
    that defendant was selling moonshine whisky, and that he
    would be at certain place on certain evening engaged in trans-
    porting intoxicating liquor, and sheriff, acting on said informa-
    tion, at designated time and place arrested defendant and
    found moonshine whisky in rear of car, arrest without war-
    rant was legal, and evidence so obtained was admissible at
    defendant's trial.

Error to Mecosta; Pugsley (Earl C.), J.   Sub-
mitted October 16, 1930.   (Docket No. 158, Calendar
No. 35,026.)   Decided December 2, 1930.

John Mohl was convicted of violating the liquor
law.   Affirmed.

*Penny & Worcester,* for appellant.

*Wilber M. Brucker,* Attorney General, and *Fred
R. Everett,* Prosecuting Attorney, for the people.

McDONALD, J.   The defendant was convicted un-
der an information which charged a violation of the
liquor law.
    The testimony on the part of the people shows
that on January 27, 1930, the sheriff of Mecosta
county, Michigan, received information that the
defendant would be on the highway near the village
of Stanwood some time that evening transporting
and having in his possession intoxicating liquor;
that the sheriff with two of his deputies went to the

place designated, arrested the defendant, and found a can of moonshine whisky in the rear of a small truck in which he and one Ira Hall were riding.

The defendant's testimony shows that, on the day in question, he engaged Ira Hall to drive him to the village of Morley to obtain some medicine for a sick cow; that he did not put any liquor in the car and did not know it was there until so informed by the officers.

Before the jury was impaneled, the defendant filed a motion for a suppression of the evidence obtained by searching the automobile on the ground that his arrest was illegal and the search was without warrant. The denial of the motion constitutes the principal error assigned.

Was the arrest without a warrant illegal? This question comes before this court so frequently on similar facts that it may be well to call attention again to the language of Mr. Justice Sharpe in *People* v. *Kamhout,* 227 Mich. 172:

"What we do state to be the rule by which this court will be governed is, that if an officer, charged with the enforcement of the law, from the exercise of his own senses, or acting upon information received from sources apparently so reliable that a prudent and careful person, having due regard for the rights of others, would act thereon, has reasonable and probable cause to believe that intoxicating liquor is being unlawfully transported in an automobile in his presence, he may arrest the offender or search for and, if found, seize the contraband therein without a warrant to do so."

In the instant case, the sheriff testified that he had previously received several reports that Mr. Mohl was selling moonshine whisky; that on the day of the arrest he received reliable information that

Mohl would be at a designated place with moonshine; that he went there with two deputies; that when the Mohl car approached it was slowed down and the two deputies got on the running board. Both of the deputies testified that when they went around the car to get on the running board, they smelled whisky and saw a can, such as they had previously seen used for conveying moonshine, sitting in the rear of the car; that when they got on the running board the driver accelerated his speed and that they then placed both men under arrest; that after the arrest one of the deputies lifted the can from the rear of the car and gave it to the sheriff. It was found to contain moonshine whisky.

These facts show ample justification for defendant's arrest and the seizure of the liquor. The court did not err in denying the motion to suppress the evidence.

We shall not discuss other assignments of error. They present nothing new. None of them constitutes reversible error. In a clear and correct charge, the court submitted every material question to the jury. The defendant had a fair trial and we are convinced by a reading of the entire record that in his conviction substantial justice was done.

The judgment of conviction is affirmed.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.